

September 11, 2024

**VIA ECF**

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

       Subject:    <u>William Schultz v. WeatherHunters, Inc. et al. (1:24-cv-02852-ALC)</u>

Dear Judge Carter:

      Plaintiff William Schultz ("Plaintiff") hereby responds to defendants WeatherHunters, Inc. ("WHI"), Al Roker Entertainment, Inc. ("ARE"), Al Roker, and Lisa Tucker's ("Defendants") September 6, 2024 request for a pre-motion conference. Plaintiff's roughly 30-page complaint goes into significant detail about the unlawful acts inflicted upon him by Defendants and the basis and justification for the 12 causes of action alleged against the various sets of Defendants. Defendants' letter shows that Defendants either did not fully read Plaintiff's complaint or specifically ignored allegations in the Complaint that are fatal to each of the proffered bases for their requested motion to dismiss. Given the limited space provided to respond, Plaintiff briefly describes why each of Defendants' arguments fail and is happy to provide further briefing prior to the pre-motion conference or further argument at the conference if a conference is warranted.

**I.    NYC Human Rights Law (N.Y.C. Admin. Code § 8–101 et seq.) ("NYCHRL") (Claim I); New York State Human Rights Law (N.Y. Exec. Law § 296, et seq.) ("NYHRL") (Claim 2)**

      Both the NYCHRL and NYHRL provide protections for wrongfully discharging or discriminating against people who oppose discriminatory practices. *See, e.g.*, N.Y.C. Admin. Code § 8–107(7) and N.Y. Exec. Law § 296(e); see also Dkt. 1 at ¶¶ 52, 57. Here, Plaintiff has alleged that he was terminated because he was "a whistle blower and complaining of: (i) illegal racial bias and discrimination against African Americans and other black, indigenous and other people of color ("BIPOC" people) in the

Honorable Andrew L. Carter, Jr.
September 11, 2024
Page 2

workplace and; (ii) for objecting to the denigration and wholesale deconstruction of a diversity, equity, and inclusion ("DEI") program intended to bring minority writers onto a PBS television production." Dkt. 1 at ¶ 1.

Thus, Defendants' reliance on *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 (2004) and *Torres v. Louzoun Enterprises, Inc.,* 105 A.D. 3d 945, 945-46 (2d Dep't 2013) is misplaced. Both of those cases concerned plaintiffs' failure to allege they were part of a protected class. Plaintiff here has clearly alleged he is a member of a protected class—persons who have opposed discriminatory practices.

## II.     Breach of Implied Covenant (Claim 4)

Defendants wrongly argue that this claim is duplicative of the breach of contract claim and must therefore be dismissed. However, the two claims are alleged differently. The breach of contract claim refers primarily to the pretextual termination of Plaintiff (Dkt. 1 at ¶¶ 64-65) while the breach of the implied covenant claim further refers to the acts taken by Defendants to undermine the benefits to Plaintiff of the Service Agreement including their betrayal of Plaintiff's trust and otherwise acting in bad faith. (Dkt. 1 at ¶¶ 70-72).

## III.    Breach of Implied In Fact Contract (Claim 5)

This claim specifically states that it is pled as an alternative to the first cause of action for breach of contract. Dkt. 1 at ¶ 75. Pleading in the alternative is proper and thus this claim should not be dismissed.

## IV.     Defendants' Contract and Quasi-Contract Arguments Relegated to Footnotes

Defendants improperly relegate certain arguments for Plaintiff's Contract and Quasi-Contract claims (Claims 3-8) to footnotes, including its sole arguments for dismissing Plaintiff's claims for breach of contract (Claim 3), Quantum Meruit (Claim 7), and Unjust Enrichment (Claim 8). ["It is generally inappropriate to make substantive arguments in footnotes." *In re MF Glob. Holdings Ltd. Inv. Litig.*, No. 11 CIV. 7866 VM, 2014 WL 8184606, at *2 (S.D.N.Y. Mar. 11, 2014). "Arguments which appear in footnotes are generally deemed to have been waived." *In re Crude Oil Commodity Litig.,* No. 06 Civ. 6677, 2007 WL 2589482, at *3 (S.D.N.Y. Sept. 7, 2007); *see also Onosamba-Ohindo v. Searls*, 678 F. Supp. 3d 364, 374 (W.D.N.Y. 2023) ("As an initial matter, the Court need not consider arguments relegated to a footnote."). As such, the Court should disregard these arguments and consider them waived.

However, out of an abundance of caution, Plaintiff responds to these improper arguments as follows. First, Defendants wrongly claim that Plaintiff's Claims 4-8 are barred by the Statute of Frauds. Pre-Motion Letter, p. 2, fn. 2. But the Statute of Frauds is inapplicable where a party admits to the agreement in question. *See, e.g.,  Rail Europe, Inc. v. Rail Pass Express, Inc.*, 1996 WL 157503, *4 (S.D. N.Y. 1996) ("Since defendant has admitted to the existence of an agreement between the parties,

Honorable Andrew L. Carter, Jr.
September 11, 2024
Page 3

the Statute of Frauds does not bar enforcement of that agreement"); *see also USHA Holdings, LLC v. Franchise India Holdings Ltd.*, 11 F. Supp. 3d 244, 277 (E.D. N.Y. 2014) (Oral agreements that are barred by the Statute may be enforced if that party has admitted entering into the contract). Here, the actual agreement with WeatherHunters is attached as Exhibit A to the Complaint. See Dkt. 1-1. And the termination letter, Exhibit B to the Complaint (Dkt. 1-1 at p. 18), admits that WeatherHunters entered into the Services agreement. Defendants' pre-motion letter also admits that Al Roker Entertainment formed WeatherHunters to produce the Program at issue, corroborating Plaintiff's contractual allegations. The Statute of Frauds is also inapplicable to cases where there has been partial performance. "[T]he doctrine of part performance is based on principles of equity, in particular, recognition of the fact that the purpose of the Statute of Frauds is to prevent frauds, not to enable a party to perpetrate a fraud by using the statute as a sword rather than a shield" *Pinkava v. Yurkiw*, 64 A.D.3d 690, 692, (2009) (internal quotes and citations omitted). Plaintiff's Complaint sufficiently details his performance under the Service Agreement.

Second, Defendants mischaracterize Plaintiff's claims as "simple breach of contract" and thus not a basis for piercing the corporate veil as to Al Roker Entertainment. Pre-motion Letter, p. 1 fn. 3 However, throughout his Complaint, Plaintiff has alleged intentional, deceptive, and malicious conduct by Defendants beyond a breach that support alter ego and piercing the corporate veil. See, e.g., Dkt 1, ¶¶ 9-14; 24-26, 32-33, 35, 37-48.

### V.   Intentional Infliction of Emotional Distress (Claim 9)

Defendants' proffered basis for dismissing Plaintiff's IIED is misleading and ultimately fails. New York law *does not* recognize a categorical bar to IIED claims based on retaliation and discrimination. Rather, as *Gioia v. Forbes Media LLC*, No. 09 CIV. 6114 RJS, 2011 WL 4549607, at *12 (S.D.N.Y. Sept. 30, 2011), *aff'd*, 501 F. App'x 52 (2d Cir. 2012), quoted by Defendants states in the line preceding the sentence quoted by Defendants: "Under New York law, [a]dverse employment actions, even those based on discrimination, are not sufficient bases for intentional infliction claims *absent a deliberate and malicious campaign against the plaintiff*." (emphasis added)(internal quotes omitted). Here, Plaintiff has alleged just such a "deliberate and malicious campaign," in which Defendants employed deceptive and underhanded tactics to force Plaintiff out of production. *See, e.g.*, Dkt. 1 at ¶¶ 24-26, 37-43.

### VI.   Negligence and Failure to Supervise and Control (Claim 10)

Again, Defendants' arguments are misleading and ultimately fail. Defendants wrongly argue that Defendant Roker cannot be held responsible under a theory of *respondeat superior* but omit and/or misrepresent the language from the case they cite and its limited holding that the "doctrine of *respondeat superior* does not apply to impose vicarious liability upon *supervisors*[.]" *Tabchouri v. Hard Eight Rest. Co., LLC ("Tabchouri")*, 219 A.D.3d 528, 533 (2023) (quoting *Connell v Hayden* ("Connell"), 83 AD2d 30, 50 (1981)) (emphasis added). *Connell,* quoted by *Tabchouri*, makes clear that *respondeat superior* remains a valid basis for vicarious liability against an *employer*, but not against a supervisor as a co-employee of the employer where "the supervisor…lacks the right to select, control,

Honorable Andrew L. Carter, Jr.
September 11, 2024
Page 4

and discharge the [offending] employee." *Connell v. Hayden*, 83 A.D.2d 30, 50 (1981); *see also id*. ("The doctrine of *respondeat superior* does not apply to impose vicarious liability upon supervisors [citation]. The *employer* of both [the supervisor and offending employee] is liable under *respondeat superior*[.]") (emphasis added).

Here, Defendant Roker is an employer. He has the right to select, control, and discharge the offending employees and Plaintiff sufficiently alleges Mr. Roker's control of both WHI and Al Roker Entertainment and the offending employees. *See, e.g.*, Dkt. 1 at ¶¶ 9 ("Al Roker is the one hundred percent (100%) owner and control person of Al Roker Entertainment and is the 100% owner of WHI."); ¶¶ 112-114. The Complaint also sufficiently alleges that Plaintiff directly informed Mr. Roker about the unlawful conduct of his employees—and thus Mr. Roker had actual knowledge of such conduct—but Mr. Roker did *nothing*. *Id*., ¶¶ 38 ("Mr. Schultz met with Al Roker to inform him of the denigration of the DEI policy by the management of Al Roker Entertainment and sought his intervention and his support. However, Al Roker refused to provide any support to Mr. Schultz or to preserve the compliance and sanctity of the PBS-mandated DEI policy."). Thus, Plaintiff's claim is viable against Mr. Roker.

### VII.    Tortious Interference with Contract (Claim 11)

Defendants' arguments as to the Tortious Interference claim against Al Roker Entertainment fail because, as alleged, Al Roker Entertainment was not a party to the contract WHI, nor was Al Roker Entertainment an "employee" or "insider" of WHI such as the officers and directors of defendant corporations referred to in *Solow v. Stone*, 994 F. Supp. 173, 181 (S.D.N.Y.), *aff'd*, 163 F.3d 151 (2d Cir. 1998) cited by Defendants. Further, even to the extent this is applicable law stating that an agent cannot be liable for tortiously interfering with the contract of the agent made within the scope of its authority, and vice versa, and Plaintiff has alleged that WHI and Al Roker Entertainment are alter egos, a  Plaintiff can allege inconsistent causes of action in the alternative and the motion to dismiss is not the proper procedural stage or vehicle to address such issue.

### VIII.    Violation of NY State Whistleblower Statute (New York Labor Code Section 740) (Claim 12)

Finally, Defendants misrepresent Plaintiff's whistleblower claim and mischaracterize the underlying violation reported was merely the violation of the DEI policy. However, as the Complaint makes crystal-clear, the underlying violations was "Defendants' unlawful and discriminatory attempts to evade PBS's mandatory DEI policy[.]" Dkt. 1 at ¶ 126.

Respectfully,

Ohia Amadi
FROST LLP

40894.1