**MEMO ENDORSED.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------x

WILLIAM SCHULTZ, an individual, and
HOME PLATE ENTERTAINMENT COMPANY,
a California Corporation

Plaintiffs,

-against-

WEATHERHUNTERS, INC., a New York Corporation, AL ROKER ENTERTAINMENT, INC., a New York Corporation, AL ROKER, an individual and LISA TUCKER, an individual

Defendants.

---------------------------------------X

WEATHERHUNTERS, INC., a New York Corporation, AL ROKER ENTERTAINMENT, INC., a New York Corporation, AL ROKER, an individual and LISA TUCKER, an individual,

Counterclaim-Plaintiffs,

v.

WILLIAM SCHULTZ, an individual, and
HOME PLATE ENTERTAINMENT COMPANY,
a California Corporation,

Counterclaim-Defendants.

---------------------------------------x

No. 24-cv-02852 (AT) (OTW)

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Any party may designate deposition testimony or portion of deposition testimony as "CONFIDENTIAL," by advising the reporter and counsel of such designation during the course of the deposition, or in writing to counsel for all parties, indicating the specific pages and lines which constitute Confidential Information.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." If counsel disagree as to the designation, the issue shall be presented to the Court as set forth in Paragraph 8. All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

e. Subpoenaed witnesses and witnesses noticed for deposition, so long as any subpoenaed or noticed witness has been identified in discovery as a person with knowledge of relevant facts; and
f. Commercial copying services or e-discovery firms.

6. Before disclosing or displaying the Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;
b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. The parties may object to the designation of any document or information as "CONFIDENTIAL" by presenting a motion to the Court for an *in camera* inspection and/or a determination regarding confidentiality, following a good faith effort to resolve the dispute. Any documents or information that are designated as Confidential Information shall be treated as such unless and until the Court rules that such materials are not confidential. The burden of establishing confidentiality remains at all times on the party asserting confidentiality.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

10. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

11. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, at the selection of the receiving party, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. In the event that a party decides to destroy Confidential Information, the party shall so certify in writing to the designating party that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.

13. This Order shall be, and is hereby, adopted by the undersigned, as an Order of this Court, submitted to the Court for signature, which shall be effective *nunc pro tunc* to the date hereof.

14. Nothing in this Stipulation and Protective Order shall be construed to limit the Producing Party's use of its own Confidential Information in any manner.

**SO STIPULATED AND AGREED**.

**FROST LLP**

*/s/ Ohia Amadi*
Ohia Amadi, Esq.
John Maatta, Esq.
10960 Wilshire Boulevard
Suite 2100
Los Angeles, CA 90024
Tel.: (424) 254-0441
ohia@frostllp.com
john@frostllp.com

Dated: June 4, 2026

**REAVIS PAGE JUMP LLP**

*/s/ Ethan M. Krasnoo*
Ethan M. Krasnoo, Esq.
Tyla A. Swinton, Esq.
41 Madison Avenue
41st Floor
New York, NY 10010
Tel.: (212) 763-4100
ekrasnoo@rpjlaw.com
tswinton@rpjlaw.com

Dated: June 4, 2026

**SO ORDERED**.

**Ona T. Wang**
United States Magistrate Judge

Dated: New York, New York
**July 31, 2026**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

________________________________________

Signed in the presence of:

________________________________________

(Attorney)